IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**JORGE PETTER,**

        Petitioner,

v.                                                   CRIMINAL ACTION NO. 2:06-cr-162

**UNITED STATES OF AMERICA,**

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Jorge Petter's ("Petitioner") *pro se* Motion for Relief under F.R.C.P. 60(b)(6). Mot. Relief, ECF No. 361. On March 11, 2022, the Government filed its response in opposition. Resp. Opp'n, ECF No. 367. Subsequently, on March 21, 2022, Petitioner filed his reply. Reply, ECF. No. 368. The matter is now ripe for judicial determination. For the reasons set forth below, Petitioner's Motion is **DENIED**.

        **I.**     **FACTUAL AND PROCEDURAL HISTORY**

On January 25, 2007, Petitioner and several co-defendants were named in a 53-count Indictment relating to various drug-related offenses. Superseding Indictment, ECF No. 18. Count One of the Superseding Indictment charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Heroin, and Cocaine Base, in violation of 21 U.S.C. § 846, an offense punishable by a statutory mandatory minimum of ten years to life imprisonment. *Id.* at 2. Count Fifty-Three of the Superseding Indictment charged Petitioner with Making False, Fictitious, and Fraudulent Statements and Representations, in violation of 18 U.S.C. § 1001 (a)(2), an offense punishable by a statutory mandatory minimum of five years imprisonment. *Id.* at 35. On March 26, 2007, Petitioner pled guilty to Count One and Count Fifty-Three of the Superseding

Indictment. Guilty Plea Hr'g (March 26, 2007). On August 17, 2007, Petitioner was sentenced to three-hundred and seventy-two (372) months in prison on Count One and sixty (60) months on Count Fifty-Three to run concurrently. J., ECF No. 142.

On August 7, 2008, Defendant filed a motion pursuant to 28 U.S.C. § 2255. Mot. Vacate, ECF No. 172. This Court denied his § 2255 motion and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed his subsequent § 2255 appeal. Order Den. Mot. Vacate, ECF No. 188. On January 7, 2015, Petitioner filed a motion seeking relief under the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"), which this Court also denied. Mot. Reduce Sentence, ECF No. 312; Order Den. Mot. Reduce, ECF No. 324. Then, on July 22, 2019, he filed a second motion to reduce his sentence under the FIRST STEP Act. Mot. Reduce, ECF No. 331. This Court again denied his motion and on appeal, the Fourth Circuit affirmed the denial of his motion. Order Den. Mot. Reduce, ECF No. 348; Op. USCA, ECF No. 354. The Fourth Circuit did, however, remand the case for this Court to amend the judgment because the original judgment included an inaccurate reference to cocaine base in Count One. J. USCA, ECF No. 355. Subsequently, on January 4, 2021, this Court amended the judgment to correct the error. Am. J., ECF No. 357.

On December 21, 2021, Petitioner filed the instant motion seeking relief pursuant to F.R.C.P. 60(b)(6). Mot. Relief. Specifically, Petitioner requests that this Court (1) set aside the amended criminal judgment and (2) reissue a new amended criminal judgment establishing that he pled guilty to "conspiracy to distribute 35.5 grams or more of cocaine base." *Id.* at 1–3.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure govern civil actions and proceedings. Fed. R. Civ. P. 1. Accordingly, F.R.C.P. 60 governs and provides numerous avenues of relief from a judgment or order in a civil case. Specifically, pursuant to Rule 60(b), on a motion and just terms, the court may provide a party relief from a final judgment, order, or proceeding on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The United States Court of Appeals for the Fourth Circuit has held that certain Rule 60(b) motions must be treated as successive § 2255 motions, allowing a defendant to collaterally attack his conviction. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). However, petitioners are barred from filing a successive § 2255 motion without first "obtain[ing] authorization from the appropriate court of appeals." *Id.* at 205; *see also* 28 U.S.C. 2255(h) ("A second or successive motion must be certified as provided in section 2244 [] by a panel of the appropriate court of appeals.")

In contrast, the Federal Rules of Criminal Procedure govern criminal actions and proceedings. Fed. R. Crim. P. 1. More specifically, Rule 11 governs the proceedings and standards for pleas and plea agreements. Fed. R. Crim. P. 11. Errors in the plea proceedings that do not affect a substantial right shall be disregarded. Fed. R. Crim P. 52(a); *see also* Fed. R. Crim. P. 11(h).

Furthermore, the authority to review errors rests with the appropriate court of appeals. Fed. R. Crim. P. 52(a).

### III. DISCUSSION

On remand and pursuant to the order of the Court of Appeals for the Fourth Circuit, this Court amended Petitioner's criminal judgment to correctly reflect that of his guilty plea agreement and offense of conviction. Now, Petitioner asks this Court, under Federal Rule of Civil Procedure 60(b) and Federal Rule of Criminal Procedure 11, to vacate the amended judgment and re-issue a new, erroneous judgment, reflecting that he pled guilty to Count One as "conspiracy with intent to distribute 35.5 grams or more of cocaine base." Mot. Relief at 1–3.

*a. Federal Rule of Civil Procedure 60(b) and Successive § 2255 Motions*

Since the Federal Rules of Civil Procedure govern *civil* matters, Petitioner is not entitled to relief under Rule 60(b). As a result, the matter turns on whether Petitioner's Motion may be construed as a § 2255 motion. Pursuant to 28 U.S.C. § 2255, Petitioner is only entitled to one § 2255 motion. To file a second or successive § 2255 motion, Petitioner's motion must be certified by the Fourth Circuit. 28 U.S.C. 2255(h). Here, Petitioner filed his first § 2255 motion on August 7, 2008, which was denied. Therefore, for this Court to construe his current Rule 60(b) motion as a successive § 2255 motion, Petitioner must have first received certification from the Fourth Circuit to file. The record is clear that Petitioner has not petitioned the Fourth Circuit for permission to file a successive § 2255 motion. Therefore, Petitioner's Rule 60(b) motion has no merit and cannot be construed as a successive § 2255 motion.

*b. Federal Rule of Criminal Procedure 11*

Next, the record is clear that this Court followed the plea procedures set forth in Rule 11 of the Federal Rules of Criminal Procedure. Not only is the written plea agreement clear that

4

Petitioner pled guilty to Count One—charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin—but so are the plea colloquy and the amended judgment. The written plea agreement states: "Count One charges the defendant with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin, in violation of Title 21, United state Code, Section 846." Plea Arg., ECF No. 90 ¶ 1. Similarly, his guilty plea hearing states:

> THE COURT: All right. Let's go to the first paragraph of the plea agreement. In the first paragraph of this plea agreement, you have agreement to plead guilty to count one and fifty-three. Count one charges you with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin . . . [d]o you understand it?
>
> THE DEFENDANT: Yes, Your Honor.

Guilty Plea Hr'g, 5:13–20 (March 26, 2007).

Petitioner argues that he suffered a plain legal error that affects his substantial rights when the original judgment was amended to reflect exactly what he pled. Mot. Relief at 3. The error that Petitioner alleges cannot be any error but must be one that is both "plain" and "affects [his] substantial rights." Fed. R. Civ. P. 52(a). However, the authority to review the error Petitioner alleges rests with the Fourth Circuit. Although the original judgment contained an error as to Count One, acting under the order of the Fourth Circuit Court of Appeals, this Court amended the judgment on remand. The amended judgment correctly reflects Petitioner's offense of conviction as to Count One as Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin. Am. J. This Court will not issue a new amended judgment to reflect an offense that Petitioner did *not* plead guilty to as that would violate Rule 11.

### IV. CONCLUSION

Based on the foregoing reasons, Petitioner's Motion for Relief is **DENIED.**

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April __, 2022

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge